1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BYRON HIBBERT,                                        No. C 10-0058 WHA (PR)

        Petitioner,                                  **ORDER TO SHOW CAUSE**

  v.

RANDY GROUNDS, Warden,

        Respondent.

_____/

**INTRODUCTION**

     Petitioner, a California prisoner currently incarcerated at the California Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has paid the filing fee. The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. 2241(d) (venue proper in both district of conviction and district of confinement).

**STATEMENT**

     In 1993, a jury in Los Angeles County Superior Court convicted petitioner of attempted murder and the use of a firearm. The trial court sentenced him to a term of life plus five years in state prison. In 2008, the California Board of Parole Hearings ("Board) found petitioner unsuitable for parole for a fourth time. Petitioner challenged this decision in unsuccessful habeas petitions filed in all three levels of the California courts.

//

**United States District Court**
For the Northern District of California

**ANALYSIS**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

**B.   LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that (1) the Board violated his federal due process rights because there was not sufficient evidence that he would endanger public safety if released; (2) the state courts applied the incorrect standard of review in upholding the Board's decision; and (3) no stay of the instant federal petition is warranted.

Petitioner's second claim does not state an independent grounds for relief, as errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings.  *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998).  Whether state courts unreasonably denied his due process claim in his state habeas corpus proceedings will be addressed in connection with his first claim.  Petitioner's third claim also does not set forth a grounds for habeas relief.  Petitioner's argument against a stay of this matter pending the outcome of cases pending in the Ninth Circuit will be considered if respondent moves for a stay.  Petitioner's first claim, when liberally construed, is sufficient to require a response.

//

United States District Court

For the Northern District of California

**CONCLUSION**

1.  The second and third claims are **DISMISSED**.

2.  The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

3.  Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

4.  Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

5.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: January ___28___, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\HIBBERT0058.OSC.wpd