IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BYRON HIBBERT,

    Petitioner,

v.

RANDY GROUNDS, Warden,

    Respondent.

No. C 10-0058 WHA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus challenging the denial of parole pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and petitioner filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 1993, a jury in Los Angeles County Superior Court convicted petitioner of attempted murder and the use of a firearm. The trial court sentenced him to a term of life plus five years in state prison. In 2008, the California Board of Parole Hearings ("Board) found petitioner unsuitable for parole. Petitioner challenged this decision in habeas petitions filed in all three levels of the California courts. After the state petitions were denied, petitioner filed the instant federal petition.

## ANALYSIS

Petitioner's remaining grounds for federal habeas relief is that the denial of parole violated his federal due process rights because there was not sufficient evidence that he would endanger public safety if released.

The United States Supreme Court has recently held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitles a California prisoner to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 862 (2011). Specifically, the Due Process Clause only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Ibid.* The parole hearing transcript makes it clear that petitioner received an opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Ibid.* The court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, petitioner's claim challenging the sufficiency of the evidence supporting the Board's decision is without merit.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would

//

//

2

1  find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484
2  (2000). Consequently, no certificate of appealability is warranted in this case.
3      The clerk shall enter judgment and close the file.
4  **IT IS SO ORDERED.**

Dated: March  11, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\HIBBERT0058.RUL.wpd

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BYRON HIBBERT,

        Plaintiff,

v.

RANDY GROUNDS et al,

        Defendant.
_____/

Case Number: CV10-00058 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brian Campbell Kinney
CA State Attorney Gerneral's Office
Correctional Writs and Appeals
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Byron Hibbert
H-76489
Correctional Training Facility
PO Box 689
Soledad, CA 93960-0689

Dated: March 14, 2011

                                        Richard W. Wieking, Clerk
                                        By: Brenda Tolbert, Deputy Clerk